UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

EDUARDO ALMESTICA,

                       Plaintiff.

      -against-

THE CITY OF NEW YORK, POLICE
OFFICER BART SNYDER, SGT DAVID
CAMHI, POLICE OFFICER BAUDILLO
GARCIARIVAS, POLICE OFFICER
JAYSON MILATZ, POLICE OFFICER
IVAN REIDY, POLICE OFFICER
IBRAHIM ROGERS and POLICE
OFFICER JOHN DOES,
Individually and in their Official Capacities,

                    Defendants.

------------------------------------------------------x

**AMENDED COMPLAINT**
**AND DEMAND FOR**
**JURY TRIAL**


14-CV-5901(AKH)

Plaintiff, EDUARDO ALMESTICA, by and through his attorneys, **Fisher, Byrialsen &**
**Kreizer, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff, EDUARDO ALMESTICA, seeks

relief for defendants' violations, under color of state law, of his rights, privileges and immunities

secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution; and the Constitution and laws of the State of New York.

2. Defendants, the City of New York and New York City POLICE OFFICER BART

SNYDER, SGT DAVID CAMHI, POLICE OFFICER BAUDILLO GARCIARIVAS, POLICE

OFFICER JAYSON MILATZ, POLICE OFFICER IVAN REIDY, POLICE OFFICER

IBRAHIM ROGERS and John Does; individually and, as the case may be, in their official

1

capacities, jointly and severally, did cause plaintiff EDUARDO ALMESTICA to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, and malicious prosecution, causing his loss of liberty and physical and mental injury.

3. Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## TRIAL BY JURY

8.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

9.  At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

10.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

11.  At all times relevant to this action, Defendants POLICE OFFICER BART SNYDER, SGT DAVID CAMHI, POLICE OFFICER BAUDILLO GARCIARIVAS, POLICE OFFICER JAYSON MILATZ, POLICE OFFICER IVAN REIDY, POLICE OFFICER IBRAHIM ROGERS and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

12.  At all times relevant hereto and in all their actions described herein, the Defendants POLICE OFFICER BART SNYDER, SGT DAVID CAMHI, POLICE OFFICER BAUDILLO GARCIARIVAS, POLICE OFFICER JAYSON MILATZ, POLICE OFFICER IVAN REIDY, POLICE OFFICER IBRAHIM ROGERS and Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants,

3

agents and police officers.

13.   NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

## FACTS

14.   On November 29, 2011, plaintiff was detained at the 40th precinct in the Bronx, New York.

15.   At approximately 2:00 p.m., plaintiff was told by defendant officer that he would be issued a desk appearance ticket and would be going home. Instead, Plaintiff was put in a cell.

16.   Plaintiff was wearing two different pairs of pants- a pair of thin thermal leggings and a pair of sweatpants. Plaintiff's sweatpants were wet so he hung the sweatpants up to dry on a bar in the cell.

17.   Defendant officer grabbed the pants refusing to give them back to Plaintiff.

18.   Plaintiff had not yet appeared before the Court and not wanting to appear before the Court in only the thin thermal leggings, Plaintiff requested for defendant officer to return his sweatpants.

19.   Subsequently, approximately four officers approached the cell, grabbed Plaintiff, placed his arm in an arm lock behind his back, took him out of the cell, and pushed him to the ground.

20.   At all times Plaintiff was compliant and did not resist the defendant officers.

21.   While defendant officers pulled Plaintiff out of the cell and pushed him to the ground, Plaintiff sustained shoulder pain and two distinct lacerations to the middle of his head.

4

22.  When Plaintiff was pushed to the ground, his head landed approximately 1 foot from a radiator affixed to the rear wall.

23. While on the ground, defendant officers hit Plaintiff causing abrasions, lacerations, and swelling to his right cheek bone and bruising and swelling to the right eye.

24.  There were other inmates in the cell during this time that witnessed the defendant officers assault Plaintiff.

25.  Plaintiff was transported by ambulance to Lincoln Medical Center in Bronx, New York.

26.  Plaintiff received pain medication, three (3) facial sutures, and three (3) staples placed in his scalp. Plaintiff remained at the hospital for approximately seven hours.

27.  As a result of this incident, Plaintiff has suffered various physical injuries, about his body and suffered substantial pain.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

28.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29.  All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

30.  All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of his person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

31. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

32.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

34.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35.  By these actions, these Defendants have deprived Plaintiff of rights secured by the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42

U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

37.  The degree of force used by Defendants was excessive, unreasonable, and

unwarranted.

38.  Defendants' actions were intentional, willful, malicious, egregious, grossly reckless

and negligent, unconscionable, and unprovoked.

39.  As a result of the excessive force and brutality, Plaintiff sustained multiple injuries to

his body and endured serious physical, emotional and psychological distress.

40.  All of the aforementioned acts of the Defendants constituted excessive force under

the laws of the State of New York and the United States Constitution and the Defendants are

liable for said damage.

## THIRD CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

41. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

42. The acts complained of herein were carried out by the Defendant officers in their

capacities as police officers, employees and officials pursuant to the customs, policies, usages,

practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking

officers of said departments.

43. Prior to November 29, 2011, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

44.  It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

45.  It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, false imprisonment, malicious prosecution, excessive force, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

46.  The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

47.  The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

48.  The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

49.  As a result of the above described policies and customs, police officers of NYPD,

including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

51. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

52. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

53. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

      a.     Not to be deprived of liberty without due process of law;

      b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.     To be protected against violations of his civil and constitutional rights;

      d.     Not to have cruel and unusual punishment imposed upon him; and

      e.     To receive equal protection under the law.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE**
**UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983**

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

56. The defendant officers were present and in the vicinity of plaintiff's assault by defendant officers and witnessed other officers, *inter alia*, use unlawful force against plaintiff, including assaulting plaintiff and causing him to suffer severe physical injuries.

57. The assault of plaintiff was clearly without any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal and excessive force inflicted upon him.

58. Defendants violated plaintiff's constitutional rights by failing to intervene in the excessive force used on plaintiff or Defendants POLICE OFFICER BART SNYDER, SGT DAVID CAMHI, POLICE OFFICER BAUDILLO GARCIARIVAS, POLICE OFFICER JAYSON MILATZ, POLICE OFFICER IVAN REIDY, POLICE OFFICER IBRAHIM ROGERS and Officer John Doe's clearly unconstitutional use of force that resulted in injury and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

2.  Punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:          New York, New York
                February 9, 2015

Respectfully submitted,

/S/

_____
Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848